NO.
12-07-00449-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

IN RE: JIMMY MARK APPLEMAN,

RELATOR     §          ORIGINAL
PROCEEDING

 

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Jimmy Mark
Appleman has filed a petition for writ of mandamus naming as respondents the
Angelina County District Clerk, the Angelina County Clerk, and the Judges of
the 159th and 217th Judicial District Courts of Angelina County.  In his petition, he alleges “the Respondents”
have (1) refused to inform him of the cause number assigned to his recently
filed lawsuit and of the court that will hear the case and (2) failed to issue
citation.  He alleges further that the
respondents’ failure to act has denied him access to the courts in violation of
the United States and Texas constitutions. 
We dismiss Appleman’s petition for lack of jurisdiction in part and deny
it in part.

            The Texas
Legislature has not conferred authority on the courts of appeals to issue writs
of mandamus generally.  Each court of
appeals or justice of a court of appeals may issue writs of mandamus to enforce
the jurisdiction of the court.  Tex. Gov’t Code Ann. § 22.221(a)
(Vernon 2004).  Also, each court of
appeals for a court of appeals district may issue writs of mandamus against a
judge of a district or county court in the court of appeals district or the
judge of a district court who is acting as a magistrate at a court of inquiry
under Chapter 52, Code of Criminal Procedure, in the court of appeals
district.  Id. § 22.221(b).  Because of these limitations, we do not have
authority under the facts alleged to issue a writ of mandamus against a county
or district clerk.

            Generally, a
party seeking mandamus relief against a trial court cannot prevail absent a
showing that the trial court abused its discretion and appeal is an inadequate
remedy.  See Walker v. Packer,
827 S.W.2d 833, 839-40 (Tex.1992) (orig. proceeding).  We have been unable to locate any authority
for Appleman’s contention that the respondent trial courts have a duty to
notify him of the cause number and court assignment and to issue citation or
cause it to be issued.  Therefore, the
respondent courts’ failure to do so cannot constitute an abuse of
discretion.  See Walker,
827 S.W.2d at 839-40.  Because Appleman
has not shown an abuse of discretion by the named trial courts, he has not
established that he is entitled to the requested relief.  See id. at 839.

            The portion
of Appleman’s petition seeking a writ of mandamus directed to the county and
district clerks is dismissed for want of jurisdiction.  The portion seeking a writ of mandamus
directed to the trial courts is denied.

 

                                                                                                     SAM GRIFFITH    

                                                                                                              Justice

 

Opinion delivered December
21, 2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)